IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.

RACHEL HATHAWAY,

    Plaintiff,

v.

HEMP HOP, LLC,
a North Carolina limited
liability company,

    Defendant.
_____/

## COMPLAINT

COMES NOW, Plaintiff RACHEL HATHAWAY ("Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against Defendant, HEMP HOP, LLC, a North Carolina limited liability company, and as grounds therefore alleges as follows:

### JURISDICTION, PARTIES, AND VENUE

1. This matter in controversy concerns unpaid overtime payments, liquidated damages, and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 ("FLSA") for unpaid overtime.

3. This Court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff is currently a resident of Volusia County, Florida.

5. Defendant has a principal address at 4030 Wake Forest Road, Suite 349, Raleigh, NC 27609.

6. This cause of action arose in Volusia County, Florida.

7. Volusia County, Florida is proper venue for this action because Plaintiff at all times material hereto, was employed by and had dealings with Defendant in Volusia County, Florida.

8. Defendant failed to pay Plaintiff the mandatory overtime wages as required under federal law.

9. Defendant has an annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

10. Defendant, at all times material hereto, was engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

11. Plaintiff's job duties were such that she herself was individually engaged in commerce.

## COMMON ALLEGATIONS

12. Plaintiff was employed with Defendant from on or about August 28, 2020 up to and including her separation on March 1, 2021.

13. Plaintiff's position was head of customer service with duties that included answering telephone calls and emails from customers, assisting customers with any questions and concerns, placing calls for customers, recommending items, and submitting forms with USPS if customer had an issue with receiving a package.

14. Defendant misclassified Plaintiff as an independent contractor.

15. Plaintiff was a non-exempt employee under the FLSA.

16. Plaintiff regularly worked over forty (40) hours in a given work week.

17. Plaintiff is owed overtime for the time period of August 28, 2020 through March 1, 2021.

18. Plaintiff estimates without the benefit of her wage and hour records, that she worked and average of 51 hours of overtime per week.

19. Defendant paid Plaintiff $14.40 per hour, making her overtime rate $21.60 per hour.

20. Plaintiff calculates her total unpaid overtime to be $28,641.60 [$21.60/hour x 51 hours = $1,101.60 x 26 weeks = $28,641.60].

## COUNT I
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207

21. Plaintiff incorporates by reference all allegations of this Complaint as if set forth fully herein.

22. Plaintiff was a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

23. Plaintiff worked in excess of forty (40) hours per week while employed with the Defendant.

24. Defendant failed to compensate Plaintiff up to one and a half times her hourly rate for all worked performed in excess of forty (40) hours.

25. The Defendant's failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.

26. Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

27. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent her in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

28. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

29. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages, and other penalties.

30. WHEREFORE, Plaintiff prays that judgment be entered in her favor and against the Defendant as follows: The Plaintiff shall be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff shall be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff shall be awarded other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a jury on all issues so triable.

Dated this 13th day of April 2021.

        SCOTT WAGNER & ASSOCIATES, P.A.
        Jupiter Gardens
        250 South Central Boulevard
        Suite 104-A
        Jupiter, FL 33458
        Telephone: (561) 653-0008
        Facsimile: (561) 653-0020

        s/Pamela N. Jorgensen
        Pamela N. Jorgensen Esq.
        Florida Bar Number 1008151
        Primary e-mail: PJorgensen@scottwagnerlaw.com
        Secondary e-mail: mail@scottwagnerlaw.com
        Secondary Address: 101 Northpoint Parkway
        West Palm Beach, FL 33407
        www.ScottWagnerLaw.com